IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUAN ARCE,

        Plaintiff,                       No. 2:12-cv-00201-DAD P

        vs.

CORRECTIONS CORP.
OF AMERICAN, et al.,

        Defendants.              ORDER

        Plaintiff, a California prisoner allegedly incarcerated at some point at the La Palma Correctional Center (LPCC) in Elroy, Arizona filed this civil action through counsel[1] in the Sacramento County Superior Court on October 21, 2011. In his complaint plaintiff alleged a claim pursuant to 42 U.S.C. § 1983 as well as state law claims for negligence and infliction of emotional distress based upon his allegations that on October 21, 2010, while incarcerated at

---

[1] Attorney John F. Moran II filed this action in state court on behalf of plaintiff. However, it is not clear whether attorney Moran intends to continue to represent plaintiff following the removal of the action to federal court. In a letter filed with the Clerk of this Court on February 21, 2012, attorney Moran confirmed that he is not admitted to practice before this court and that plaintiff "wishes to represent himself and requested that I not seek admission [to practice before this court] on his behalf." (Doc. No. 8 at 1.) However, Mr. Moran also stated in that letter: "Please be advised that I am with authority to act on Mr. Arce's behalf." (Id.) Despite, his confusing representations to the Clerk of this Court, attorney Moran is advised that he is counsel of record for plaintiff in this action unless and until his withdrawal is authorized by this court following his filing of the required noticed motion. See Local Rule 182(d).

1

1   LPCC in Arizona, he slipped on a wet floor, fell and was injured while being escorted in

2   handcuffs by correctional officers to the shower and was thereafter refused proper medical care.

3   Plaintiff named as defendants in his complaint Corrections Corporation of America (CCA), the

4   California Department of Corrections, LPCC Correctional Officers Drexler, Padget and

5   Sarmiento, LPCC Dr. Burnett and Does 1-40.

6         On January 23, 2012, defendant CCA removed the action to this court under 28

7   U.S.C. § 1441(b).[2]  On January 30, 2012, defendant CCA filed an answer and demand for jury

8   trial.  On March 29, 2012, plaintiff filed an application to proceed in forma pauperis under his

9   own signature, representing at that time that he was incarcerated at California State Prison -

10  Corcoran.  On October 9, 2012 , defendant CCA filed a request to transfer this case to the U.S.

11  District Court for the District of Arizona, Phoenix Division.[3]  No other pleadings have been filed

12  with this court by any party since the removal of this action by defendant CCA.

13        In light of the confused posture of the case, the court will conduct a telephonic

14  status conference in this matter.  At that telephonic status conference counsel shall be prepared to

15  address all matters that may aid in the just and expeditious disposition of this action.  Plaintiff's

16  counsel, attorney Moran, shall be prepared to discuss whether he will be moving to withdraw as

---

18  [2] According to defendant CCA, plaintiff failed to serve any of the other named defendants in this action within the time limit for service pursuant to Rule 4(m) of the Federal
19  Rules of Civil Procedure.  (Doc. No. 10 at 2.)  Only CCA has filed an answer.  (See Doc. No. 5.)

20  [3] Defendant CCA has failed to file a motion to dismiss or transfer this action.  In its request, defendant CCA argues that venue over this action does not lie in the Eastern District of
21  California under 28 U.S.C. § 1391(b) because all of the defendants do not reside in California but are instead located in Arizona, a substantial part of the events giving rise to this action did not
22  occurred in California but rather took place in Arizona, and the action should have been brought in the District of Arizona in th first instance. (Doc. No. 10 at 2.) Alternatively, defendant CCA
23  seeks transfer of the action to the District of Arizona under 28 U.S.C. § 1404 because plaintiff did not reside in California during the time relevant to this action, Arizona is more convenient
24  forum for the parties and witnesses, the alleged incident and conditions occurred at the La Palma Correctional Center located in the Phoenix Division of the District of Arizona, and plaintiff will
25  not prejudiced by the transfer.  (Id. at 3-4.)  The court notes that the only defendant in this action that has appeared is CCA, a Maryland Corporation whose corporate headquarters is located in
26  Tennessee.  See Doc. No. 1 at 2

counsel of record in this action, whether plaintiff wishes to continue to pursue this action despite his lack of prosecution to date, if plaintiff intends to continue to pursue this action the status of service of process as to the other named defendants or his intention to proceed solely against defendant CCA, and plaintiff's position with respect to defendant CCA's request that the matter be transferred to the District of Arizona.

Accordingly, IT IS ORDERED that:

1. A Telephonic Status Conference is set for **Friday, January 11, 2013, at 10:00 a.m.** at the United States District Court, 501 I Street, Sacramento, California, in Courtroom No. 27 before the undersigned;

2. Counsel are directed to appear at the Telephonic Status by contacting Pete Buzo, the courtroom deputy of the undersigned magistrate judge, at (916) 930-4128 <u>at least 48 hours before the scheduled Status Conference</u>.  A land line telephone number must be provided by counsel; and

3. The Clerk of the Court is directed to serve this order on counsel of record for both parties and to also serve the order on plaintiff by mailing it to Juan Arce, CDCR # G32106, California Substance Abuse Treatment Facility and State Prison, P.O. Box 7100, Corcoran, CA 93212.

DATED: December 19, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
arce201.22

3